**JAMES MILLS (S.B.# 203783)**
james@jamesmillslaw.com
**LAW OFFICES OF JAMES MILLS**
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 521-8748
Fax: (510) 277-1413

**CLINTON L. TAPPER (**pro hac vice motion forthcoming**)**
clinton@tapper-law.com
**TAPPER LAW FIRM LLC**
474 Willamette Street, Suite 306
Eugene, Oregon 97401
Telephone: (458) 201-7828
Fax: (458) 201-7636

Attorneys for Plaintiff
Marcy Thompson

**BRYAN S. WESTERFELD (S.B.# 218253)**
bwesterfeld@walravenlaw.com
**NICOLE E. WURSCHER (S.B.# 245879)**
new@walravenlaw.com
**JESSICA B. HARDY (S.B.# 246377)**
jbh@walravenlaw.com
**WALRAVEN & WESTERFELD LLP**
20 Enterprise, Suite 310
Aliso Viejo, California 92656
Telephone: (949) 215-1990
Fax: (949) 215-1999

Attorneys for Defendant
United HealthCare Services, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCY THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED HEALTHCARE,<br><br>　　　　　Defendant. | Case No.  3:23-cv-04517-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Complaint Filed: August 31, 2023 |

Plaintiff MARCY THOMPSON ("Plaintiff") and Defendant UNITED HEALTHCARE SERVICES, INC., incorrectly identified in the Complaint as "United Healthcare" ("Defendant" or "United"), parties to the above-entitled action, jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

I. **JURISDICTION AND SERVICE**

The basis for subject matter jurisdiction is federal question, as Plaintiff has asserted claims under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA").

There are no current issues with respect to personal jurisdiction.

No known parties remain to be served.

II. **FACTS**

A. **Plaintiff's Statement of Facts**

At all times material, Plaintiff was enrolled in a health plan administered by Defendant. In February of 2022, Plaintiff underwent ankle surgery resulting in hospitalization and release to a rehabilitation and skilled nursing facility. The health plan covers treatment in a rehabilitation and skilled nursing facility when the insured needs "services which are less than those of a general acute hospital but greater than those available in a home setting." Plaintiff needed such care after her surgery. Plaintiff made a claim for benefits and the defendant wrongfully denied plaintiffs benefits. Plaintiff appealed the denial and Defendant wrongfully denied the appeal. In the appeals process, Defendant failed to follow its own appeal processes and failed to properly review Plaintiffs appeal request. As a result of the wrongful denial Plaintiff has been forced to pay $123,416.97 for what should be covered medical services.

B.  **Defendant's Statement of Facts**

Defendant denies each and every allegation of Plaintiff's complaint, denies Plaintiff's prayer for damages, and denies that it breached any duty or obligation whatsoever.  In administering the benefit claim at issue, United at all times acted consistently with the requirements of the applicable benefit plan and ERISA requirements.

To the extent United acts as a third-party administrator of plan benefits, it is obligated to administer claims in accordance with the individual benefit plan's terms and conditions.  United is in the process of investigating the particular claim at issue.  Defendant's defenses cannot be determined until the claim is fully investigated and the complete claim file is reviewed.

III. **LEGAL ISSUES**

At this time, the Parties anticipate that the legal issues in dispute are: (1) whether Plaintiff is entitled to benefits under the Plan; (3) whether Plaintiff has stated a separate claim for breach of fiduciary duty under ERISA; and (3) whether any party is entitled to damages, including attorneys' fees and costs.

IV. **MOTIONS**

No motions are currently pending.  Defendant anticipates filing a motion to dismiss or motion for judgment on the pleadings on the grounds that Plaintiff's second cause of action for relief under ERISA § 502(a)(3) should be dismissed because ERISA does not allow Plaintiff to seek an equitable remedy under § 502(a)(3) that duplicates the same remedy—payment of $123,416.97 in medical bills—available under § 502(a)(1)(B).  *See Moyle v. Liberty Mut. Retirement Ben. Plan*, 823 F.3d 948, 961 (9th Cir. 2016) (holding that § 502(a)(3) claim cannot proceed where it duplicates a remedy already provided under § 502(a)(1)(B)).

The parties anticipate filing cross-motions for summary judgment under Fed. R. Civ. P. 52 for resolution of Plaintiff's ERISA claim for benefits.

## V. AMENDMENT OF PLEADINGS

Plaintiff anticipates filing a motion to amend when Defendant identifies the proper entity to be named in the suit. Plaintiff will consider amending if appropriate to respond to Defendant's motion to dismiss.

Defendant at this time is not aware of any counterclaims for damages against Plaintiff, but Defendant reserves the right to bring such claims in the event that Defendant's factual investigation reveals a basis for recoupment of any amounts previously paid to Plaintiff by Defendant.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The Parties have agreed to a Stipulated Protective Order for protection of party and patient confidentiality, which will be filed with this Court at a later date.

Once the Protective Order is in place, the parties will exchange their initial disclosures, including production of documents, within 60 days of the Court's entry of an initial scheduling order or within 30 days after the approval of the Protective Order by the Court, whichever is later. The Parties will also identify all presently known witnesses as part of the initial disclosures.

## VIII. DISCOVERY

No discovery has been taken to date. Per ERISA, the parties anticipate that discovery will be limited to the administrative record.

Discovery in this matter is likely to include the exchange of protected health information, as well as competitively sensitive data. To that end, the parties

anticipate that they will jointly request that the Court enter a Protective Order governing production and use of confidential materials.

## IX.   CLASS ACTIONS

This matter is not a putative class action.

## X.   RELATED CASES

There are no related cases.

## XI.   RELIEF

Plaintiff seeks damages and/or restitution in an amount to be determined at trial, but which Plaintiff believes to be approximately $123,496.97, which is the amount of medical benefits Plaintiff alleges were underpaid and have been paid by Plaintiff out of pocket to date.  This figure may need to be adjusted to account for the impact of any applicable deductibles, coinsurance or copayments owed by the patient.  Plaintiff also seeks an award of pre-judgment interest at the rate of 9% per annum, an award of costs and attorney's fees pursuant to 29 U.S.C. § 1132(g), as well as any other and further relief the Court deems just and proper.

Defendant denies the allegations in Plaintiff's complaint, denies Plaintiff's prayer for damages, and denies Plaintiff's requests for interest, costs and attorney's fees.

## XII.   SETTLEMENT AND ADR

The Parties have not yet engaged in any settlement negotiations regarding this matter.

The Parties have elected to participate in private mediation to assist in resolving this dispute.  The Parties will meet and confer to select a mediator and agree that a reasonable deadline for completion of mediation is March 15, 2024.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties declined to consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

XIV. **OTHER REFRENCES**

None.

XV. **NARROWING OF ISSUES**

Defendant anticipates filing a motion to dismiss or motion for judgment on the pleadings on the grounds that Plaintiff's second cause of action for relief under ERISA § 502(a)(3) should be dismissed because ERISA does not allow Plaintiff to seek an equitable remedy under § 502(a)(3) that duplicates the same remedy— payment of $123,416.97 in medical bills—available under § 502(a)(1)(B). *See Moyle v. Liberty Mut. Retirement Ben. Plan*, 823 F.3d 948, 961 (9th Cir. 2016) (holding that § 502(a)(3) claim cannot proceed where it duplicates a remedy already provided under § 502(a)(1)(B)).

XVI. **EXPEDITED TRIAL PROCEDURE**

The parties agree this matter is not suitable for Expedited Trial Procedure.

XVII. **SCHEDULING**

The parties propose that initial disclosures be exchanged within 60 days of the Court's entry of an initial scheduling order or within 30 days after the approval of the Protective Order by the Court, whichever is later. The parties further propose that, to the extent expert discovery is needed, the deadline to disclose expert witnesses be set for April 15, 2024, and that rebuttal experts, if any, be disclosed by May 14, 2024. The parties propose that the deadline to conclude expert discovery be set for May 31, 2024. Finally, the parties propose that the final pretrial conference be set for May 31, 2024, or as close thereto as the Court's calendar permits, approximately two weeks before the proposed deadline for the parties to submit their cross-motions for summary judgment.

XVIII. **TRIAL**

As this is an ERISA matter, the parties anticipate that this case will be resolved by the Court on cross-motions for summary judgment pursuant to Fed. R. Civ. P. 52. The parties propose that the deadline for each party to file its motion

for summary judgment be set for **June 14, 2024**, and the deadlines for oppositions and replies be set pursuant to the Court's local rules.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The parties hereby restate that that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) Marcy Thompson, Plaintiff; (2) UnitedHealthcare Insurance Company; (3) UnitedHealth Group, Incorporated; and (4) United HealthCare Services, Inc.

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER

None.

Dated: January 5, 2024

**TAPPER LAW FIRM LLC**

By: */s/ Clinton L. Tapper*
    **Clinton L. Tapper**
Attorneys for Plaintiff
Marcy Thompson

Dated: January 5, 2024

**WALRAVEN & WESTERFELD LLP**

By: */s/ Jessica B. Hardy*
    **Jessica B. Hardy**
Attorneys for Defendant
United HealthCare Services, Inc.

# CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

[In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

ARACELI MARTÍNEZ-OLGUÍN
UNITED STATES DISTRICT JUDGE

# Proof of Service

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 20 Enterprise, Suite 310, Aliso Viejo, CA 92656.

On January 5, 2024, I served the foregoing document(s) described as

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

on all interested parties in this action as follows (or as on the attached service list):

**JAMES MILLS (S.B.# 203783)**  clinton@tapper-law.com
**LAW OFFICES OF JAMES**  james@jamesmillslaw.com
**MILLS**
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 521-8748
Fax: (510) 277-1413

**CLINTON L. TAPPER**
**TAPPER LAW FIRM LLC**
474 Willamette Street, Suite 306
Eugene, Oregon 97401
Telephone: (458) 201-7828
Fax: (458) 201-7636
Attorneys for Plaintiff
Marcy Thompson

☒   BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the *CM/ECF* system. Participants in the case who are registered *CM/ECF* users will be served by the *CM/ECF* system. Participants in the case who are not registered *CM/ECF* users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 5, 2024, at Aliso Viejo, California.

*Sarah Walraven*
Sarah Walraven